Case 1:11-cv-04396-NGG-VVP   Document 1   Filed 09/12/11   Page 1 of 7 PageID #: 1

SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------
MATTHEW ELSMORE on behalf of himself
and all others similarly situated

                       Plaintiff,

      -against-

RIEXINGER & ASSOCIATES, LLC

                      Defendant.
-------------------------------------------------------

CV 11 4396

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ SEP 12 2011 ★

LONG ISLAND OFFICE

GARAUFIS, J.
POHORELSKY,

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff seeks redress for the illegal practices of Riexinger & Associates, LLC concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within the State of New York.

3. Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff a consumer debt, purportedly owed to Bureaus Investment Group Portfolio No. 15 originally owed to HSBC Card Services, Inc.

4. Defendant's principal place of business is located in Duluth, Georgia.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

-1-

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

9. On information and belief, on a date better known by defendant, defendant began attempting to collect an alleged consumer debt from the plaintiff.

10. On or about October 14, 2010 defendant sent the plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. Said letter states in part: "In this regard, the above referenced matter has been placed with us for collection and such action is necessary to protect our client."

12. Said language leads consumer to believe legal action will be taken to protect defendant's client.

13. Upon information and belief the only manner in which defendant can protect its client is by commencing suit and engaging in post judgment remedies.

14. Said language threatens actions in which the defendant does not intend to engage.

15. Upon information and belief on or about October 14, 2010 defendant did not have authorization from the client to take such action as to protect its client.

16. Defendant has engaged in deceptive practices and false threats.

17. The said letter is in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §

-2-

-3-

1692e(5) and 1692e(10).

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of himself and the members of a class, as against the defendant.*

18. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-17 as if set forth fully in this Cause of Action.

19. This cause of action is brought on behalf of plaintiffs and the members of a class.

20. The Class consists of consumers who received the same form letter, as did the plaintiff.

21. The Class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiffs on or about October 14, 2010 sent within one year prior to the date of the within complaint; (b) the collection letter was sent to a consumer seeking payment of a consumer debt purportedly owed to Bureaus Investment Group Portfolio No. 15; and (c) the collection letter was not returned by the postal service as undelivered (d) and that the letter contained violations of 15 U.S.C. §§ 1692e(5) and 1692e(10).

22. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal

-3-

question presented by this claim is whether the Defendant violated the FDCPA using collection letters and language therein which violate the FDCPA.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiffs' interests are consistent with those of the members of the class.

23. The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

24. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

25. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

26. Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

27. Defendant violated the FDCPA as set forth above.

28. As a result of the above violations of the FDCPA, defendant is liable to the plaintiff for the sum of plaintiff's statutory damages to be determined at trial, plus costs and attorney's fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant in the amount of:

(a) Statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial.

(b) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(c) For such other and further relief as may be just and proper.

Dated: Cedarhurst, New York
September 6, 2011

Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein (AF-9508)

## Riexinger & Associates, LLC
*Attorneys at Law*
P. O. Box 956188
Duluth, GA 30095-9504
(800) 713-7780

File No.: 624582
Account #: ~~redacted~~
Current Balance: $767.12

10/14/2010



Dear Matthew Elsmore:

The firm of Riexinger & Associates, LLC is a law firm representing BUREAUS INVESTMENT GROUP PORTFOLIO NO 15, the current creditor of the above referenced account which originated with HSBC CARD SERVICES, INC.. In this regard, the above referenced matter has been placed with us for collection and such action as necessary to protect our client.

At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. However, if you fail to contact this office, our client may consider additional remedies to recover the balance due.

If you have any questions regarding this matter, please contact this office at 678-205-1597 or toll free at 800-713-7780 between the hours of 8:00 A.M. and 8:00 P.M. on Monday through Friday.

CONSUMER NOTICE PURSUANT TO 15 U.S.C. SECTION 1692(G)

You are hereby given notice of the following information concerning the above referenced debt: 1. Unless, within 30 days after receipt of this notice you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the creditor and by this Firm. 2. If you notify us in writing within said 30 days that the debt, or any portion thereof is disputed, we will obtain verification of the debt, or a copy of any judgment against you, and we will mail such verification to you. 3. In addition, upon your written request within said 30 days, this Firm will provide the name and address of the original creditor if the original creditor is different from the current creditor. 4. This firm is attempting to collect a debt on behalf of the creditor and any information obtained will be used for that purpose. YOUR RIGHTS UNDER FEDERAL LAW TO REQUEST VERIFICATION OF YOUR OBLIGATION TO OUR CLIENT WITHIN 30 DAYS MUST BE ASSERTED IN WRITING AND IS NOT AFFECTED BY OUR REQUEST THAT YOU CONTACT OUR OFFICE BY TELEPHONE.

Sincerely,

Stephen P. Riexinger
Attorney at Law
Riexinger & Associates, LLC

IN REGARD TO THIS COMMUNICATION, RIEXINGER & ASSOCIATES, LLC IS ACTING AS A DEBT COLLECTOR AND THIS IS A COMMUNICATION FROM A DEBT COLLECTOR, AS DEFINED BY U.S.C. 1692 (A)(6). THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
**PLEASE REFER ALL CORRESPONDENCE TO RIEXINGER & ASSOCIATES, LLC**

---

Detach and return below portion with payment.

Riexinger & Associates, LLC
P.O. Box 956188
Duluth, GA 30095-9504

015606

File Number: 624582

26560***AUTO**MIXED AADC 350
Matthew Elsmore                66
1340 7th St
West Babylon NY 11704-4250

Visa [ ] MasterCard [ ]
Card Holder Name: _____
Card Holder Signature: _____
CREDIT CARD NO.:
☐☐☐☐ ☐☐☐☐ ☐☐☐☐ ☐☐☐☐
EXPIRATION DATE:      PAYMENT AMOUNT:
☐☐☐☐               $ _____
REMIT TO:

Riexinger & Associates, LLC
P.O. Box 956188
Duluth, GA 30095-9504

Name:     Matthew Elsmore

0001B 05/05